UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR YOVANI CISNEROS,<br>　　　　Petitioner,<br>　　v.<br>NEIL McDOWELL, Warden,<br>　　　　Respondent. | NO. EDCV 15-988-R (AGR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Petition, the other records on file herein, the Report and Recommendation ("Report") of the United States Magistrate Judge, and the Objections filed by Petitioner. Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections were made. The Court accepts the findings and recommendation of the Magistrate Judge.

Petitioner objects to the Magistrate Judge's conclusion that the state court reasonably found trial counsel was not ineffective when he selected a defense of misidentification rather than self-defense without interviewing Petitioner's family members about the victim's history of threats and violence towards Petitioner. He argues that the Magistrate Judge "discounted [his] factual allegations" (Obj. at 3);

"erroneously hypothesized additional theories to support the denial of [his] petition without taking the factual allegations as true" (*id.* at 5); and focused on the strengths of the misidentification defense while downplaying its weaknesses (*id.* at 9).[1]

Petitioner's objections are not well taken. In reviewing the state court's rejection of Petitioner's ineffective assistance claim, the Magistrate Judge evaluated the reasons given by the California Court of Appeal in its reasoned decision in light of the record on appeal as well as Petitioner's new evidence submitted to the California Supreme Court. *See Reis-Campos v. Biter*, 832 F.3d 968, 974 (9th Cir. 2016) (*citing Cannedy v. Adams*, 706 F.3d 1148, 1159 n.5 (9th Cir. 2013)), *cert. denied*, 137 S. Ct. 1447 (2017).[2] The Magistrate Judge's analysis assumed the truth of Petitioner's factual assertions regarding trial counsel's interactions with Petitioner and his family, and regarding the prior history between Petitioner and the victim as set forth in the supporting declarations. The Report found that given the difficult choice before trial counsel – two inconsistent potential defenses, each with its own risks and weaknesses – the state court's conclusion that counsel's choice of defense was reasonable met the "doubly deferential" standard of *Strickland v. Washington*, 466 U.S. 668 (1984) in conjunction with AEDPA. *See Cullen v. Pinholster*, 563 U.S. 170, 190 (2011).

Petitioner argues that "whether [trial counsel] was right not to *argue self-*

---

[1] Petitioner incorrectly asserts the Report did not mention that trial counsel told Petitioner that the principal prosecution eyewitness would be difficult to discredit. (Obj. at 9-10; Report at 25-26.)

[2] *Cannedy* is instructive regarding the application of the AEDPA standard when a habeas petitioner submits evidence to the California Supreme Court that was not before the state court that issued the last reasoned decision. 706 F.3d at 1159 n.5. But *Cannedy* involved counsel's failure to investigate and present vital evidence supporting the defense presented at trial, not a choice between two defense theories. *Id.* at 1160-62.

2

*defense to the jury* puts the cart before the horse because [trial counsel] was supposed to *reasonably investigate* the defense before writing it off*.*" (Obj. at 6 (emphases in original).) Trial counsel testified about his investigation at an evidentiary hearing in the Superior Court. The new evidence provided to the California Supreme Court did not undermine the Court of Appeal's conclusion that trial counsel's investigation was sufficient to enable him to make an informed choice between the two potential defenses. The information that Petitioner's family members would have provided if interviewed would not have significantly affected a competent counsel's assessment of the risks of a self-defense defense, which included Petitioner's anomalous behavior in leaving his car to walk towards the person he feared would shoot him, and the possibility that the victim's past persecution of Petitioner could be viewed as showing motive and premeditation.

Petitioner's remaining contentions are without merit.

IT THEREFORE IS ORDERED that judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: October 30, 2018

　　　　　　　　　　　　　　　　　　MANUEL L. REAL
　　　　　　　　　　　　　　　　　　United States District Judge